## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WILLIAM BALLARD, | ) | Case No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT FOR VIOLATIONS** |
| | ) | **OF THE FEDERAL SECURITIES** |
| COUPA SOFTWARE INCORPORATED, | ) | **LAWS** |
| ROBERT BERNSHTEYN, MICHELLE | ) | |
| BRENNAN, KANIKA SONI, ROGER | ) | JURY TRIAL DEMANDED |
| SIBONI, TAYLOE STANSBURY, SCOTT | ) | |
| THOMPSON, and FRANK VAN | ) | |
| VEENENDAAL, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

Plaintiff William Ballard ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

## **NATURE OF THE ACTION**

1.      Plaintiff brings this action against Coupa Software Incorporated ("Coupa" or the "Company") and its corporate directors for violating Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the proposed acquisition of the Company by affiliates of Thoma Bravo, L.P. ("Thoma Bravo").[1]

2.      On December 11, 2022, the Company entered into an Agreement and Plan of

---

[1] The proposed acquisition of the Company described herein is referred to as the "Proposed Transaction."

Merger (the "Merger Agreement") with Coupa Holdings, LLC (f/k/a Project CS Parent, LLC) ("Parent") and its wholly owned subsidiary, Project CS Merger Sub, Inc. ("Merger Sub").[2]  The Merger Agreement provides that Company stockholders will receive $81.00 in cash for each Coupa common share.

3.     The Company's corporate directors subsequently authorized the January 23, 2023, filing of a materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC.  The Proxy Statement, which recommends that Company stockholders vote their shares in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision.  Defendants authorized the issuance of the false and misleading Proxy Statement in violation of the Exchange Act.

4.     It is imperative that the material information omitted from the Proxy Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote on the Proposed Transaction, so that they can properly exercise their rights, among other things.[3]

5.     For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

**JURISDICTION AND VENUE**

6.     This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to

---

[2] Parent and Merger Sub are each affiliated with Thoma Bravo Fund XV, L.P. (the "Thoma Bravo Fund"), and Parent, Merger Sub and the Thoma Bravo Fund are each affiliated with Thoma Bravo.

[3] The stockholder vote on the Proposed Transaction currently is scheduled for February 23, 2023.

Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7.      Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

9.      Plaintiff is, and has been at all times relevant hereto, the owner of Coupa common stock.

10.      Defendant Coupa is a Delaware corporation with its principal executive offices located at 1855 S. Grant Street, San Mateo, California 94402.  Coupa's shares trade on the Nasdaq Global Select Market under the ticker symbol "COUP."  Founded in 2006, Coupa is a provider of business spend management solutions, with its cloud-based platform that connects its customers with suppliers worldwide.  Coupa provides visibility into and control over how companies spend money, optimize supply chains, and manage liquidity, as well as enables businesses to achieve savings that drive profitability.  The Company's platform offers procurement, invoicing, expense management, and payment solutions that form the transactional engine for managing a company's business spend, as well as specialized solutions, including strategic sourcing, contract management, contingent workforce, supplier risk management, supply chain design and planning, treasury management, and spend analysis.  It serves businesses in various industries, including healthcare and pharmaceuticals, retail, financial services, manufacturing, and technology.

11.     Defendant Robert Bernshteyn is and has been Chairman of the Board and Chief Executive Officer and a director of the Company at all times relevant hereto.

12.     Defendant Michelle Brennan is and has been a director of the Company at all times relevant hereto.

13.     Defendant Kanika Soni is and has been a director of the Company at all times relevant hereto.

14.     Defendant Roger Siboni is and has been the Lead Independent Director of the Company at all times relevant hereto.

15.     Defendant Tayloe Stansbury is and has been a director of the Company at all times relevant hereto.

16.     Defendant Scott Thompson is and has been a director of the Company at all times relevant hereto.

17.     Defendant Frank van Veenendaal is and has been a director of the Company at all times relevant hereto.

18.     Defendants identified in paragraphs 11-17 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

19.     On December 12, 2022, the Company announced in relevant part:

SAN MATEO, Calif., Dec. 12, 2022 /PRNewswire/ -- Coupa Software (NASDAQ: COUP), a leader in Business Spend Management (BSM), today announced that it has entered into a definitive agreement to be acquired by Thoma Bravo, a leading software investment firm. This is an all-cash transaction with an enterprise value of $8.0 billion. Upon completion of the transaction, Coupa will become a privately held company.

The transaction includes a significant minority investment from a wholly owned subsidiary of the Abu Dhabi Investment Authority (ADIA). Under the terms of the agreement, Coupa shareholders will receive $81.00 per share in cash, which represents a 77% premium to Coupa's closing stock price on November 22, 2022, the last full trading day prior to media reports regarding a possible sale transaction involving the company. The transaction consideration also represents a premium of approximately 64% to the volume weighted average closing price of Coupa stock for the 30 trading days ending on November 22, 2022.

"For more than a decade, we've been building an incredible Business Spend Management Community and have proudly cemented our position as the market-leading platform in our category. We're looking forward to partnering with Thoma Bravo and accelerating our vision to digitally transform the Office of the CFO," said Rob Bernshteyn, chairman and chief executive officer at Coupa. "While our ownership may change, our values do not. Every one of us at Coupa will continue to put our customers at the center of everything we do and help them maximize the value of every dollar they spend."

"This transaction is the result of a deliberate and thoughtful process that included engagement with both strategic and financial parties," said Roger Siboni, Coupa's lead independent director. "The Board evaluated the transaction against the company's standalone prospects in the current macroeconomic climate and determined that the compelling and certain cash consideration in the transaction provides superior risk-adjusted value relative to the Company's standalone prospects. The Board is unanimous in its belief this transaction is the optimal path forward and in the best interest of our shareholders."

"Coupa has created and led the large and growing Business Spend Management category. We've followed the company's success for many years and have been impressed by its consistent track record of delivering high levels of value for its global customer base," said Holden Spaht, a Managing Partner at Thoma Bravo. "We look forward to partnering with Rob and the rest of the management team to keep investing in the company's product strategy while driving growth both organically and through M&A."

"We couldn't be more excited to partner with the talented Coupa team to keep building on the incredible franchise they've created in the Business Spend Management space," said Brian Jaffee, a Partner at Thoma Bravo. "Our shared vision, combined with Thoma Bravo's strategic and operational expertise, will enable Coupa to continue driving innovation, better serve its customers and accelerate important growth initiatives during this next chapter as a private company."

**Approvals and Timing**

The transaction, which was approved unanimously by the Coupa Board of Directors, is expected to close in the first half of 2023, subject to customary closing conditions, including approval by Coupa shareholders and the receipt of required regulatory approvals. The transaction is not subject to a financing condition.

Upon completion of the transaction, Coupa's common stock will no longer be listed on any public market. The company will continue to operate under the Coupa name and brand.

### Third Quarter 2023 Financial Results

In a separate press release, Coupa today announced its third quarter fiscal year 2023 financial results. The press release is available on the Investor Relations section of the Company's website. In light of the announced transaction with Thoma Bravo, Coupa has cancelled its earnings conference call previously scheduled for 1:30 p.m. PT / 4:30 p.m. ET this afternoon, December 12, 2022.

### Advisors

Qatalyst Partners LP is serving as financial advisor to Coupa and Freshfields Bruckhaus Deringer LLP is serving as the company's legal advisor.

Goldman Sachs & Co. LLC and Piper Sandler acted as financial advisors and Kirkland & Ellis LLP acted as legal advisor to Thoma Bravo.

### The Materially Incomplete and Misleading Proxy Statement

20.     The Board caused to be filed the materially incomplete and misleading Proxy Statement with the SEC on January 10, 2022.  The Proxy Statement, which recommends that Coupa stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (a) the financial forecasts for the Company and Thoma Bravo; (b) the financial analyses that support the fairness opinion provided by the Company's financial advisor Qatalyst Partners LP ("Qatalyst"); and (c) potential conflicts of interest faced by Company insiders.

### *Material Misrepresentations and/or Omissions Concerning the Financial Forecasts for Coupa*

21.     The Proxy Statement fails to disclose material information concerning the financial forecasts for Coupa, including the line items underlying projected: (a) Non-GAAP Operating

Income; (b) Unlevered Free Cash Flow; and (c) Adjusted Free Cash Flow.

22.     The Proxy Statement also fails to disclose prior sets of Coupa management's forecasts utilized or reviewed by Qatalyst or the Board in connection with the sale process.  In addition, the Proxy Statement fails to describe the revisions made to the various projection sets, including with respect to: (a) the "preliminary management plan and forecast" provided by Coupa management to Qatalyst and utilized in connection with the October 21, 2022 Board meeting (*see* Proxy Statement at 40); (b) the "updated preliminary management plan and forecast" prepared by Coupa management and reviewed with the Board at its October 30, 2022 Board meeting (*see id.* at 42); and (b) the "updated preliminary management plan" provided by Coupa management to Qatalyst and utilized in connection with the November 18, 2022 Board meeting.  *See id.* at 44.

***Material Misrepresentations and/or Omissions Concerning Qatalyst's Financial Analyses***

23.     The Proxy Statement also fails to disclose material information concerning Qatalyst's financial analyses.

24.     With respect to the *Discounted Cash Flow Analysis* performed by Qatalyst, the Proxy Statement fails to disclose: (a) the Company's terminal values; (b) the cash and cash equivalents of Coupa as of October 31, 2022; (c) the Company's estimated federal tax savings due to its net operating losses for fiscal years 2028 and beyond; (d) the face value of Coupa's outstanding convertible notes as of October 31, 2022, and the Company's redeemable non-controlling interests in Coupa K.K.; and (e) the Company's fully diluted outstanding shares.

25.     With respect to the *Selected Companies Analysis* and *Selected Transaction Analysis* performed by Qatalyst, the Proxy Statement fails to disclose the respective individual multiples and financial metrics for each of the companies and transactions analyzed by the financial advisor.

*Material Misrepresentations and/or Omissions Concerning Company Insiders' Potential Conflicts of Interest*

26.     The Proxy Statement fails to disclose material information concerning the potential conflicts of interest faced by Qatalyst, including whether any of Thoma Bravo's proposals or indications of interest mentioned management retention in the combined company following the Proposed Transaction or the purchase of or participation in the equity of the surviving corporation.

27.     The omission of the above-referenced information renders statements in the "Certain Financial Forecasts," "Opinion of the Company's Financial Advisor," "Interests of the Company's Directors and Executive Officers in the Merger" and "Background of the Merger" sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act.

28.     Absent disclosure of the foregoing material information prior to the vote on the Proposed Transaction, Plaintiff and the other stockholders of the Company will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Coupa**

29.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

30.     The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9.  Coupa is liable as the issuer of these statements.

31.     The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

32.     The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

33.     The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

34.     The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

35.     By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

36.     Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

<u>**COUNT II**</u>

**Claims for Violation of Section 20(a) of the Exchange Act**
**Against the Individual Defendants**

37.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

38.     The Individual Defendants acted as controlling persons of Coupa within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers and/or directors of Coupa and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly,

the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

39.   Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

40.   In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.  The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly involved in the making of the Proxy Statement.

41.   By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

42.   As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in her favor on behalf of Coupa, and against defendants, as follows:

A.      Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction, unless and until defendants disclose the material information identified above that has been omitted from the Proxy Statement;

B.      In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C.      Directing the Individual Defendants to file a Proxy Statement that does not contain any untrue statements of material fact;

D.      Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E.      Granting such other and further relief as this Court may deem just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated:  January 26, 2023                    **LONG LAW, LLC**

By:   */s/ Brian D. Long*
      Brian D. Long (#4347)
      3828 Kennett Pike, Suite 208
      Wilmington, DE 19807
      Telephone: (302) 729-9100
      Email: BDLong@LongLawDE.com

      *Attorneys for Plaintiff*

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| WILLIAM BALLARD | COUPA SOFTWARE INCORPORATED, ROBERT BERNSHTEYN, MICHELLE BRENNAN, KANIKA SONI, ROGER SIBONI, TAYLOE STANSBURY, SCOTT THOMPSON, and FRANK VAN VEENENDAAL |

**(b)** County of Residence of First Listed Plaintiff    PALM BEACH COUNTY, FL
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
BRIAN D. LONG  (#4347),
3828 KENNETT PIKE, SUITE 208 WILMINGTON, DE 19807
TEL: (302) 729-9100

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 | Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**   **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane   ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product    Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument |    Liability   ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel &    Pharmaceutical    Slander    Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'    Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) |    Liability   ☐ 368 Asbestos Personal ☐ 340 Marine    Injury Product | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product    Liability    Liability   **PERSONAL PROPERTY** | | ☐ 840 Trademark ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle   ☐ 370 Other Fraud | **LABOR** | | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle   ☐ 371 Truth in Lending    Product Liability   ☐ 380 Other Personal | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** |    Protection Act ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal    Property Damage | ☐ 720 Labor/Management | ☐ 861 HIA (1395ff) | ☒ 850 Securities/Commodities/ |
| ☐ 196 Franchise |    Injury   ☐ 385 Property Damage ☐ 362 Personal Injury -    Product Liability |    Relations ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW (405(g)) |    Exchange ☐ 890 Other Statutory Actions |
| |    Medical Malpractice | ☐ 751 Family and Medical | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS**   **PRISONER PETITIONS** |    Leave Act ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters ☐ 895 Freedom of Information |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights   **Habeas Corpus:** | ☐ 791 Employee Retirement | |    Act |
| ☐ 220 Foreclosure | ☐ 441 Voting   ☐ 463 Alien Detainee |    Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment   ☐ 510 Motions to Vacate | | ☐ 870 Taxes (U.S. Plaintiff | ☐ 899 Administrative Procedure |
| ☐ 240 Torts to Land | ☐ 443 Housing/    Sentence    Accommodations   ☐ 530 General | |    or Defendant) ☐ 871 IRS—Third Party |    Act/Review or Appeal of    Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities -   ☐ 535 Death Penalty | |    26 USC 7609 | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property |    Employment   **Other:** ☐ 446 Amer. w/Disabilities -   ☐ 540 Mandamus & Other | **IMMIGRATION** | |    State Statutes |
| |    Other   ☐ 550 Civil Rights ☐ 448 Education   ☐ 555 Prison Condition | ☐ 462 Naturalization Application ☐ 465 Other Immigration | | |
| |   ☐ 560 Civil Detainee -    Conditions of    Confinement |    Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer   ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. §§ 78n(a), 78t(a), and SEC Rule 14a-9, 17 C.F.R. 240.14a-9
Brief description of cause:
Violations of the Federal Securities Laws

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE
January 26, 2023

SIGNATURE OF ATTORNEY OF RECORD
*/s/ Brian D. Long (#4347)*

**FOR OFFICE USE ONLY**

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|